UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LAWRENCE STERLING,<br><br>             Plaintiff,<br>   v.<br>CITY OF HAYWARD, et al.,<br><br>             Defendants.<br>_____/ | No. C 12-02927 LB<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF No. 42] |

### STATEMENT

In this action brought pursuant to 28 U.S.C. § 1983, plaintiff Lawrence Sterling alleges that City of Hayward police officer Loring Cox used excessive force in arresting him, namely by commanding a police dog to attack and restrain him unnecessarily. *See* Complaint, ECF No. 1.[1] Mr. Sterling thus brings a claim against Office Cox for excessive force and a claim against the City of Hayward for approving a pattern and practice by its police officers of using police dogs in this way. *Id.* ¶¶ 19-26.

Fact discovery closes on October 3, 2012, expert discovery closes on January 15, 2014, and trial is set for May 12, 2014. Initial CMC Order, ECF No. 30; Stipulation to Continue Expert Discovery Deadlines, ECF No. 49. The last date for hearing dispositive motions is set for January 16, 2014. Initial CMC Order, ECF No. 30. Nevertheless, on August 12, 2013, Defendants filed a motion for summary judgment and noticed it for hearing on September 19, 2013. Motion, ECF No. 42. Mr.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-02927 LB
ORDER

Sterling opposes the motion on both its merits and its timing. Opposition, ECF No. 50. Specifically, Mr. Sterling argues that Defendants filed their motion much too early—so early, in fact, that he has not yet had enough time to finish conducting fact discovery that would allow him to better oppose Defendants' motion. *Id.* at 5. Indeed, as of August 26, 2013, Mr. Sterling has noticed the depositions of four individuals: Officer Cox, Officer Hendricks, Canine Unit Supervisor Sergeant Sisson, and Internal Affairs Investigator Brian Matthews. Pointer Declaration, ECF No. 50-1. Mr. Sterling thus asks the court to decline to consider Defendants' motion at this time. Opposition, ECF No. 50 at 5.

## ANALYSIS

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex Corp.*, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1103.

1 The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, 2 but instead must produce admissible evidence that shows there is a genuine issue of material fact for 3 trial. *See Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show 4 a genuine issue of material fact, the moving party is entitled to summary judgment. *See Celotex*, 477 5 U.S. at 323.

6 Rule 56 also provides a way for a non-moving party to avoid summary judgment when it needs 7 to discover affirmative evidence necessary to oppose the motion. *See* Fed. R. Civ. P. 56(d); *Garrett* 8 *v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987). Subsection (d) provides that if the non-9 moving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts 10 essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) 11 allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate 12 order." Fed. R. Civ. P. 56(d). In arguing for such relief, the non-moving party must make clear 13 "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 14 F.3d 850, 853 (9th Cir. 1998). Further, the Ninth Circuit has held that district courts should grant 15 any Rule 56(d) motion "fairly freely" when the moving party seeks summary judgment before the 16 non-moving party has had a realistic opportunity to pursue discovery relating to its theory of the 17 case. *Burlington N. & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003); *see* 18 *also* 10B Charles Alan Wright, et al., Fed. Practice & Proc. § 2740 (3d ed. 2013). And denial of an 19 motion under Rule 56(d) is especially inappropriate "where the material sought is also the subject of 20 outstanding discovery requests." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 21 1475 (9th Cir. 1986).

22 Here, as noted above, Defendants filed their motion for summary judgment roughly two months 23 before the close of fact discovery and five months before the last day for hearing dispositive 24 motions. Defendants did this at least in part because anticipated labor strikes involving the City of 25 Hayward during the week of August 12, 2013 apparently required their counsel to file the motion at 26 the time he did. Brick Declaration, ECF No. 45 ¶ 6. The court also notes that although Defendants' 27 counsel sent Mr. Sterling's counsel a draft proposed joint statement of undisputed facts (which the 28 parties are required to file along with a motion for summary judgment), he apparently did not

UNITED STATES DISTRICT COURT
For the Northern District of California

discuss with Mr. Sterling's counsel the timing for the filing of the motion. *See id.* ¶¶ 2-5; Pointer Declaration, ECF No. 50-1 ¶ 2.

More importantly, fact discovery is still open, and Mr. Sterling has outstanding noticed depositions. Indeed, as of August 26, 2013, Mr. Sterling has noticed the depositions of four individuals: Officer Cox, Officer Hendricks, Canine Unit Supervisor Sergeant Sisson, and Internal Affairs Investigator Brian Matthews. Pointer Declaration, ECF No. 50-1. Although Mr. Sterling's counsel does not specifically state why these depositions are important to his opposition to Defendants' motion, the court believes their importance is obvious. For instance, the depositions of Officer Hendricks (the initial officer on the scene) and Officer Cox (the officer defendant in this case who allegedly commanded the police dog to attack Mr. Sterling) are crucial to any clear understanding of what happened on the day in question.

On this record, the court believes that it is appropriate grant Mr. Sterling's request and to deny without prejudice Defendants' motion.[2] Later, after Mr. Sterling has had an opportunity to conduct the above-described discovery, and after meeting-and-conferring with him about a joint statement of undisputed facts, Defendants may re-file their motion and notice it for hearing pursuant to Civil Local Rule 7.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Mr. Sterling's request and **DENIES WITHOUT PREJUDICE** Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 6, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] The court, of course, is mindful of Defendants' concern about keeping costs low, but the new expert discovery deadlines help to lessen this concern. *See* Reply, ECF No. 51 at 7.